IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 17, 2019

## STATE OF TENNESSEE v. SEDRICK D. WILLIAMS

**Appeal from the Criminal Court for Knox County
No. 69597     G. Scott Green, Judge**

---

### No. E2019-00829-CCA-R3-CD

---

The petitioner, Sedrick D. Williams, appeals the Knox County Criminal Court's summary dismissal of his motion to correct what he believes to be an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

Sedrick D. Williams, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine K. Decker, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

### OPINION

In April 2002, a Knox County Criminal Court jury convicted the petitioner of one count each of first degree murder and attempted first degree murder for a shooting that resulted in the death of Maurice Widener and the injury of Michael Dalton.  *See generally State v. Sedrick Williams*, No. E2003-00659-CCA-R3-CD, slip op. at 1-13 (Tenn. Crim. App., Knoxville, March 1, 2004).  The trial court sentenced the petitioner to an effective sentence of life imprisonment.  *Id.*, slip op. at 1.  On direct appeal, the petitioner challenged the sufficiency of the evidence and the propriety of the jury instructions as well as the prosecutor's closing argument regarding the inference that could be drawn from a defendant's flight.  *Id.*, slip op. at 1.  This court affirmed the petitioner's convictions, *id.*, and our supreme court denied permission to appeal.

The petitioner sought habeas corpus relief, and, in August 2013, the habeas

corpus court summarily dismissed the petitioner's petition for habeas corpus relief, which petition alleged that his sentence was illegal because the "judgment of conviction for first degree murder was facially void because it did not reflect that he had been sentenced as a '100% violent offender.'" *Sedrick Williams v. State*, No. W2013-02401-CCA-R3-HC, slip op. at 1-2 (Tenn. Crim. App., Jackson, Apr. 9, 2014). On appeal, this court affirmed the summary dismissal of the petition. *Id.*, slip op. at 3.

On December 17, 2018, the petitioner filed a pro se motion styled "Motion to Vacate, Set Aside or Correct an Illegal Sentence" pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the petitioner alleged myriad claims, including erroneous jury instructions, ineffective assistance of counsel, and insufficiency of the evidence. The trial court summarily dismissed the petitioner's motion for failure to state a colorable claim, stating, "Every ground raised and/or assertion made, if taken as true, would at best render the conviction(s) and/or sentence(s) *voidable*, as opposed to facially void."

In this appeal, the petitioner reasserts many of the same arguments he raised below; he also raises new claims of evidentiary error and prosecutorial misconduct. The State argues that the petitioner has failed to state a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

As a preliminary matter, the issues that the petitioner raises for the first time in this appeal are waived. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App.

1996) (citing Tenn. R. App. P. 36). Waiver notwithstanding, none of these alleged errors give rise to a cognizable claim under Rule 36.1. *See* Tenn. R. Crim. P. 36.1.

Here, even considering all of the petitioner's allegations to be true, Rule 36.1 does not afford him relief. The claims that the petitioner asserts fall squarely within the category of what our supreme court has identified as appealable, as opposed to fatal, errors. *See Wooden*, 478 S.W.3d at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 449-52 (Tenn. 2011)) (identifying three categories of errors—"clerical errors, appealable errors, and fatal errors"—and stating that "[o]nly fatal errors render sentences illegal"). Appealable errors are "those errors for which the Sentencing Act specifically provides a right of direct appeal." *Wooden*, 478 S.W.3d at 595 (quoting *Cantrell*, 346 S.W.3d at 449). In *Wooden*, our supreme court specifically identified as appealable errors those "claims 'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." *Wooden*, 478 S.W.3d at 595 (alterations in original) (quoting *Cantrell*, 346 S.W.3d at 450). Several of the petitioner's assertions amount to a challenge to the sufficiency of the convicting evidence, which issue is not cognizable in a Rule 36.1 proceding. *See Wooden*, 478 S.W.3d at 595. Additionally, the petitioner's claim of defects in the jury instructions, even when taken as true, would render a conviction void, not voidable. *See State v. Nero Oswald Jones*, No. W2017-00145-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Jackson, Aug. 31, 2017). Similarly, any deficient performance by the petitioner's trial counsel would constitute only an "appealable error[] that would not render his sentence void or illegal." *State v. Markhayle Jackson*, No. W2015-02068-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Jackson, May 31, 2016).

The only claim that the petitioner makes specifically regarding his sentences, as opposed to his convictions, is that the trial court failed to consider mitigating factors. Our supreme court, however, has concluded that "a trial court's erroneous 'consideration of . . . mitigating and enhancement factors' [i]s the type of error that must be addressed on direct appeal because it does not render the sentence illegal." *Wooden*, 478 S.W.3d at 595-96 (first alteration in *Wooden*) (quoting *Cantrell*, 346 S.W.3d at 451). Because the petitioner's life sentence is prescribed by statute, *see* T.C.A. § 39-13-202(c), it is not illegal, and, consequently, he cannot seek relief via a rule 36.1 proceding.

As to the petitioner's assertion that the trial court failed to make findings of fact in its order denying relief, Rule 36.1 specifically provides for the summary dismissal of a motion when the petitioner fails to state a colorable claim. Tenn. R. Crim. P. 36.1 (b)(2); *see also State v. James Arthur Johnson*, No. M2018-00337-CCA-R3-CD, slip op.

at 3-4 (Tenn. Crim. App., Nashville, Jan. 16, 2019); *Nero Oswald Jones*, slip op. at 2-3. The purpose of the Rule's requiring a trial court to "set forth the court's findings of fact and conclusions of law" in "[a]n order granting or denying a motion," *see* Tenn. R. Crim. P 36.1(e), is "[t]o facilitate appellate review," *id.*, Advisory Comm'n Comments [2016]; *see also Nero Oswald Jones*, slip op. at 3. Because the petitioner failed to state a cognizable claim, there is no error in the trial court's summary dismissal of the petitioner's motion, and the trial court's order was sufficient to facilitate our review.

Accordingly, we discern no error in the trial court's summary dismissal of the petitioner's motion, and we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE